**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JOSEPH ALLEN BROWN,

                                        Plaintiff,

    v.                                                                   8:18-CV-169
                                                                              (TJM/CFH)

NEW YORK STATE EDUCATION DEPARTMENT,

                                        Defendant.

---

APPEARANCES:

Joseph Allen Brown
79712
St. Lawrence Psychiatric Center
1 Chimney Point Drive
Ogdensburg, New York 13669
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION & ORDER

Plaintiff pro se Joseph Allen Brown commenced this action on February 9, 2018 with the filing of a complaint. Dkt. No. 1 ("Compl."). In lieu of paying this Court's filing fee, plaintiff filed a motion to proceed in forma pauperis ("IFP"). Dkt. No. 2. Following review of plaintiff's IFP application, the undersigned concludes that plaintiff may properly proceed IFP.[1]

### I. Initial Review

---

[1] Plaintiff is advised that, although he has been granted IFP status, he is still required to pay for any fees or costs he may incur, such as copying fees or witness fees.

### A. Standard of Review

Section 1915 of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted); see also Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). However, this does not mean the Court is required to accept unsupported allegations devoid of sufficient facts or claims. Pleading guidelines are provided in the Federal Rules of Civil Procedure ("Fed R. Civ. P"). Specifically, Rule 8 provides that a pleading which sets forth a clam for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

F<small>ED</small>. R. C<small>IV</small>. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d). Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of a defendant's duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).

**B. Complaint**

3

Plaintiff's complaint[2] is a difficult to follow stream of consciousness.  Dkt. No. 1. It clearly fails to meet Rule 8 and Rule 10's pleading standards.  Id.; FED. R. CIV. P. 8, 10.  To the extent it can be discerned, it appears that plaintiff attempts to sue the New York State Education Department "for my high school diploma" because he did not graduate from high school due to being "beatting [sic] up" by his elementary school principal and vice principal in the early to mid 1970s.  Id. at 1.  Plaintiff also references being placed in a "resource class" when he was in 9th or 10th grade with a teacher named Mr. Cook.  Id. at 4.  He alleges that Mr. Cook once hit him in the face and then "put me in 9th gracde alabra [sic] in the middle of the school year when he new [sic] I could not do the school work in that class."  Id.  Plaintiff appears to contend that due to these various incidents with teachers and administrators, which apparently resulted in his inability to graduate from high school, the New York State Department of Education should now award him with a high school diploma "for all the stuff I when [sic] through [sic] in school."  Id. at 5.

Plaintiff's complaint fails for several reasons.  First, plaintiff fails to demonstrate this Court's jurisdiction.  In order for this Court to have jurisdiction over this matter, the plaintiffs must demonstrate that there exists either complete diversity jurisdiction or

---

[2] Plaintiff's complaint in this action was initially filed as a submission in a separate case, 9:17-CV-1337, Brown v. People of New York State, Dkt. Nos. 9, 11.  In that action, the Court directed that the filing at dkt. no. 9 (which is now the complaint in this action) be instead docketed in 9:18-CV-70, New York State Department of Education.  See 9:18-CV-70, Brown v. Clinton Correctional Facility, Dkt. No. 2.  Thus, the filing was docketed in 9:18-CV-70.  See id. Dkt. No. 2.  On March 12, 2018, the Court issued a text order in Brown v. Clinton Correctional Facility, et al., stating that plaintiff must file any amended complaint in that action by March 26, 2018 and advise the Court whether he seeks to pursue claims against the New York State Department of Education.  Dkt. No. 11.  The undersigned recommends that, should the District Judge adopt this Report-Recommendation and Order dismissing plaintiff's complaint with prejudice, any attempt by plaintiff to raise identical claims against the New York State Department of Education in 9:18-CV-70, Brown v. Clinton Correctional Facility, et al., not be permitted.

federal question jurisdiction.  "It is a fundamental precept that federal courts are courts of limited jurisdiction." Owen Equip. & Erec. Co. v. Kroger, 437 U.S. 365, 374 (1978). A court may properly dismiss a case where it "lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  Subject matter jurisdiction may be based either on federal question or the complete diversity of citizenship of the parties.  28 U.S.C. §§ 1331, 1332.  To show diversity jurisdiction, a plaintiff must demonstrate that he is a citizens of a different state than all defendants in the action.  Section 1332 of the Judicial Code provides that federal courts have subject matter jurisdiction on the basis of "diversity jurisdiction" "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, *and* is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1) (emphasis added). Federal question jurisdiction exists where the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Greenberg v. Bear, Sterns & Co., 220 F.3d 22, 25 (2d Cir. 2000) (internal quotation marks omitted), overruled on other grounds by Doscher v. Sea Port Grp. Securities, LLP, 832 F.3d 372 (2d Cir. 2016)).

   As it appears that both plaintiff and defendant are citizens of this state, and the amount in controversy is not $75,000 or more, plaintiff cannot demonstrate diversity of citizenship.  28 U.S.C. § 1332(a)(1).  Plaintiff also has failed to demonstrate federal question jurisdiction.  Under the most liberal reading, plaintiff arguably seeks to set forth the following state law claims: the New York State Education Department (1) failed to

5

protect him from the physical abuse at the hands of certain teachers or administrators nearly forty five years ago or was negligent in the hiring, supervision, and/or retention of these administrators and/or teachers.  However, even if such claim would not be barred by a statute of limitations, plaintiff does not allege how this claim "necessarily depends on resolution of a substantial question of federal law." Greenberg, 220 F.3d at 25; Mirand v. City of New York, 84 N.Y.2d 44 (2d Dep't 2011) (noting under New York State law, schools are under a special duty of in loco parentis, meaning that they must "adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision."). Exercise of supplemental jurisdiction is permitted under 28 U.S.C. § 1367(a).  However, a federal court may decline to exercise supplemental jurisdiction where

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or
> claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it
> has original jurisdiction, or (4) in exceptional circumstances,
> there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  Ultimately, plaintiff's complaint fails to demonstrate federal question jurisdiction as even a liberal reading of the complaint does not reveal any federal law claim.  Thus, the undersigned recommends that the Court decline to exercise supplemental jurisdiction over the arguable state law claims.

In sum, plaintiff's complaint does not demonstrate this Court's jurisdiction as plaintiff has failed to demonstrate diversity jurisdiction – he has not demonstrated that defendant is from a different state than plaintiff – and has also failed to demonstrate the existence of a federal question jurisdiction; thus, it is recommended that the complaint

6

be dismissed.  Ordinarily, a court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." Branum v. Clark, 927 F.2d 698, 704-05 (2d Cir. 1991); see also FED. R. CIV. P. 15(a) ("The court should freely give leave when justice so requires.").  Here, as it is clear that no federal claim can be stated on these facts, it is recommended that the complaint be dismissed with prejudice and without leave to amend.

### III.  Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED**, that plaintiff's second motion to proceed in forma pauperis (Dkt. No. 2) is **GRANTED**; and it is

**RECOMMENDED**, that the complaint (Dkt. No. 1) be **DISMISSED with prejudice**; and it is further

**RECOMMENDED**, that, should the District Judge adopt this Report-Recommendation and Order dismissing plaintiff's complaint with prejudice, any attempt by plaintiff to raise these identical claims against the New York State Department of Education in 9:18-CV-70, Brown v. Clinton Correctional Facility, et al., not be permitted to proceed, and it is

**ORDERED,** that the Clerk of the Court serve a copy of this Report-Recommendation and Order on plaintiff pro se in accordance with Local Rules.
**IT IS SO ORDERED.**

7

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: March 19, 2018
       Albany, New York

*/s/ Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge